# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LINDSEY M. HANSEN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:24-cv-00949-RHH |
| RACHEL NIDEA, et al. | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses. (ECF No. 20.) Defendants filed a response in opposition. (ECF No. 24.) For the reasons set forth below, this motion will be granted in part and denied in part.

## Background

Plaintiff filed her First Amended Petition in state court asserting two counts of negligence and one count of negligent entrustment. (ECF No. 8.) On July 11, 2024, Defendants removed the action to federal court on the basis of diversity jurisdiction. (ECF No. 1.) Shortly thereafter, Defendants filed an answer in which they asserted the following four affirmative defenses:

> 1. Any economic damages for medical expenses which the Plaintiff incurred or incurs as a result of the allegation in his First Amended Petition, should be limited to the amount actually paid to healthcare providers pursuant to Section 490.715 Mo. Rev. Stat.
> 2. Defendants reserve their right to assert additional affirmative defenses that may be disclosed or discovered through any investigation.
> 3. For further answer and defense, Defendant Rachel Nidea states that Plaintiff's First Amended Petition fails to state a claim upon which relief can be granted because Rachel Nidea was not operating the subject vehicle at the time of the accident and Plaintiff therefore cannot prove the essential elements of Plaintiff's First Amended Petition.
> 4. For further answer and defense, Defendant Luis Nidea states that Plaintiff's First Amended Petition fails to state a claim upon which relief can be granted.

(ECF No. 9.)

In her motion, Plaintiff moves to strike all four of Defendants' affirmative defenses, arguing that they are insufficiently pled and fail to comply with Missouri Rule 55.08.[1]

## Legal Standard

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). In ruling on a motion to strike, the Court "must view the pleadings in the light most favorable to the pleader." *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, 2008 WL 2817106 *2 (E.D.Mo. July 21, 2008) (quoting *Multimedia Patent Trust v. Microsoft Corp.*, 525 F.Supp.2d 1200, 1211 (S.D.Cal. 2007)). A motion to strike an affirmative defense should not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." *Morgan v. Midwest Neurosurgeons, LLC*, No. 1:11-CV-37 CEJ, 2011 WL 2728334, at *2 (E.D. Mo. July 12, 2011). Although courts enjoy "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure" and motions to strike are "viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted). The party filing the motion to strike bears the burden of proof. *Simms v. Chase Student Loan Serv., LLC*, No. 4:08–CV–1480 ERW, 2009 WL 943552, at *2 (E.D. Mo. April 6, 2009).

---

[1] In their briefing, the parties cite to the Missouri Rules of Civil Procedure and state court cases applying Missouri procedure as the applicable law for reviewing affirmative defenses. This is not the appropriate standard. *See Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989) (explaining that Federal Rule of Civil Procedure 81(c) provides that the federal rules govern procedure after removal from state court); *see generally* 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3738 (Rev. 4th ed.) ("[I]t has been settled by numerous cases that the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters."). Going forward, counsel should familiarize themselves with the applicable Federal Rules of Civil Procedure.

**Discussion**

With this legal standard in mind, the Court finds that Plaintiff's motion to strike Defendants' affirmative defenses should be denied, except as to No. 2, the reservation of the right to assert "additional affirmative defense that may be dismissed or discovered through investigation."

In affirmative defense No. 2, it would seem Defendants are attempting to suspend the applicable Federal Rules of Civil Procedure. Defenses that come to light during discovery are not automatically incorporated into an answer, and a party cannot "reserve the right" to amend its answer once an affirmative defense is discovered. *See Constr. Indus. Laborers, Pension Fund v. Wellington Concrete*, LLC, No. 4:15–CV–804 (CAS), 2016 WL 1275605, at *4 (E.D. Mo. Mar. 31, 2016) (striking affirmative defense reserving right to amend and assert additional defenses); *Republic-Vanguard Ins. Co. v. Cent. State Holdings, LLC*, No. 4:16-CV-1616 CEJ, 2017 WL 1954745, at *2 (E.D. Mo. May 11, 2017) (striking affirmative defense reserving the right to amend or add affirmative defenses because such a right cannot be reserved). Any amendments to pleadings, including affirmative defenses, must be conducted in accordance with the operative case management order and Federal Rule of Civil Procedure 15.

Plaintiff failed to meet her burden of demonstrating that Defendants' remaining affirmative defenses are wholly immaterial or could not succeed under any circumstances. Plaintiff does not assert that inclusion of the defenses would result in prejudice or confusion of the issues, and the Court finds no reason to believe that such prejudice or confusion would exist. Accordingly, the motion to strike is denied, except with respect to Affirmative Defense No. 2.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's motion to strike affirmative defenses is **GRANTED in part and DENIED in part**. (ECF No. 20.) The motion is **GRANTED** to the extent the Court shall strike the Defendant's Second Affirmative Defense, the purported reservation of rights to raise additional defenses. In all other respects, the motion is **DENIED**.

Dated this 16th day of December, 2024.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE